# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARILYN K. HANKINS,**

    **Plaintiff,**

**-vs-**                   Case No. 6:12-cv-997-Orl-28KRS

**DEAN OF COMMUNICATIONS,**
**VALENCIA COLLEGE,**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** DEFENDANT, DELLA PAUL, DEAN OF COMMUNICATIONS, VALENCIA COLLEGE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO QUASH SERVICE OF PROCESS (Doc. No. 13)
>
> **FILED:** August 6, 2012

> **MOTION:** DEFENDANT, VALENCIA COLLEGE'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO QUASH SERVICE OF PROCESS (Doc. No. 14)
>
> **FILED:** August 6, 2012

**I. PROCEDURAL HISTORY.**

  On June 29, 2012, Plaintiff Marilyn K. Hankins filed a complaint against Defendant

"Valencia College/Dean of Communications (Della Paul @ East Campus, Orlando, Fl)." Doc.

No. 1. In the complaint, Hankins, who is representing herself, appears to allege that Valencia College and/or Paul violated the Americans with Disabilities Act ("ADA") and unspecified "Equal Opportunity" and "Affirmative Action" requirements by failing to hire her as a full-time and/or part-time instructor in 2010. Doc. No. 1.

Hankins filed an application to proceed *in forma pauperis,* which was granted. Doc. Nos. 2, 6. Hankins was directed to complete summons and USM 285 forms and submit them to the Court. The return of service reflects that Hankins submitted only one summons directed to "Della Paul (Dean) Valencia College/East Campus, Orlando, FL 32825." Doc. No. 17. The Marshals Service sent the complaint and summons to Paul by certified mail but did not enclose two copies of a waiver form and a prepaid means for returning the form as required by Fed. R. Civ. P. 4(d)(1)(C). Doc. No. 13 at 2.

Paul and Valencia College move to quash service of process. They also move to dismiss the case for failure to state a claim on which relief can be granted. Doc. Nos. 13, 14.

Hankins filed two responses to the motion to dismiss, one of which included a copy of a press release that she apparently issued at the time of the events underlying the complaint. Doc. Nos. 16 and 20. Accordingly, the motions are now ripe for resolution.

**II.    ANALYSIS**.

  *A. Motions to Quash Service of Process.*

If Hankins intended to name two Defendants in this case – Della Paul and Valencia College – she was required to submit two summons forms and two USM 285 forms. As noted above, Hankins submitted only one set of forms for service on Paul. Paul and Valencia College contend that service of process on each of them was improper.

      1.      <u>Service on Valencia College</u>.

To perfect service of process on Valencia College, Hankins was required to name The Valencia College Board of Trustees as the defendant. Service of process would then be directed to the Chair of the Board of Trustees or, in the absence of the Chair, on the corporate secretary or designee. Fla. Stat. § 1001.72(1). Valencia College represents that Paul is neither the Chair of its Board of Trustees nor its corporate secretary or designee. Doc. No. 14 at 6. Paul avers that she retired as Dean of Communications for Valencia College in July 2012. Doc. No. 14 at 9. Therefore, Valencia College contends that service of process on it was insufficient.

Hankins did not address the motion to quash service of process as to Valencia College in her responses to the motions to dismiss, and Valencia College's argument is well taken. Therefore, I recommend that the Court find that service of process on Valencia College was insufficient and grant the motion to quash service of process.

      2.      <u>Service of Process on Paul</u>.

To perfect service of process on Paul, individually, she would either have to be personally served or waive service of process as provided for in Fed. R. Civ. P. 4. Paul avers that she was not personally served with process. Doc. No. 14 at 9. The record bears out this averment, showing that the U.S. Marshals sent her a copy of the complaint and summons via certified mail. Doc. No. 17. Paul also represents that the complaint and summons she received by certified mail were not accompanied by two copies of a waiver form and a prepaid means for returning the form as required by Fed. R. Civ. P. 4(d)(1)(C). Therefore, Paul contends that service of process on her was insufficient.

Paul's argument is well taken. Hankins claims in one of her responses to Paul's motion to dismiss that a "Court Summons was personally delivered to Della Paul Comms. Dean at her VC East Campus Office by the US Marshall [sic] as ordered and documented by the Clerk of Court," Doc. No. 20 ¶ 3, but the record clearly reflects that service was attempted via certified mail, not that Paul was served personally. Doc. No. 17. Moreover, Hankins offers no rebuttal to Paul's claim that the certified mailing she received failed to include two copies of a waiver form and a prepaid means for returning the form as required by Fed. R. Civ. P. 4(d)(1)(C). Therefore, I recommend that the Court find that service of process on Paul was insufficient and grant the motion to quash service of process.

  *B.* *Motions to Dismiss*.

> To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain sufficient factual allegations to suggest the required elements of a cause of action. "[A] formulaic recitation of the elements of a cause of action will not do." Nor will mere labels and legal conclusions withstand a [Rule] 12(b)(6) motion to dismiss. Under the standard articulated by the Supreme Court in *Twombly*, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."

*Jones v. STOA Int'l/Fla, Inc.*, 422 F. App'x 851, 852 (11th Cir. 2011)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations omitted).

  1. <u>Valencia College</u>.

As discussed above, if Hankins intended to sue Valencia College, she named the wrong Defendant. The proper defendant would be "The Valencia College Board of Trustees."

As to the claim of violation of the ADA, Hankins must allege facts sufficient to show that she is disabled as defined under the ADA, *see* 42 U.S.C. § 12102(2), she is a qualified individual

-4-

with or without a reasonable accommodation, and she was subjected to unlawful discrimination because of her disability.  *See Jones*, 422 F. App'x at  852.  *See also Gilliard v. Ga. Dep't of Corrs.*, No. 12-11751, 2012 WL 6115913, at *5 (11th Cir. Dec. 7, 2012) (setting forth elements of ADA *prima facie* case); *Chapman v. U.S. Postal Serv.*, 442 F. App'x 480, 484-85 (11th Cir. 2011) (citing *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007)) (to establish a claim under the ADA, a plaintiff must sufficiently allege a disability).  Hankins has not alleged facts showing that she is disabled within the meaning of the ADA.  Instead, she merely makes a conclusory reference to being a "disabled applicant," which is insufficient to state a claim for relief under the ADA.  *Chapman*, 442 F. App'x at 485.  Hankins also has not alleged facts that would allow the Court to draw a reasonable inference that Valencia College discriminated against her *because of* her alleged disability.  Therefore, the ADA claim is due to be dismissed without prejudice to filing an amended complaint against The Valencia College Board of Trustees.  In an amended complaint, Hankins must allege facts sufficient to show that her ADA claim is plausible and the dates of the events at issue.

Hankins also has not adequately alleged the legal and factual basis of her claims that Valencia College violated requirements of "equal opportunity" or "affirmative action."  Therefore, to the extent that these are intended to be separate causes of action, the complaint fails to state a claim on which relief can be granted.  If Hankins wishes to bring claims of violation of equal opportunity or affirmative action in an amended complaint, she must specifically allege the source of those claims – whether federal or state statute, rule or regulation, or common law – and allege sufficient facts to show a plausible claim for relief.

   2. <u>Della Paul</u>.

Paul argues that the complaint must be dismissed against her individually because it is not permissible to bring an ADA claim against an individual in her official capacity and because the ADA does not permit recovery against her individually. Paul's argument is correct as a matter of law. *Stoddard v. Fla. Bd. of Bar Exam'rs*, 509 F. Supp. 2d 1117, 1124 (N.D. Fla. 2006) (citing *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) and *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005)). Therefore, the complaint fails to state a claim against Paul for violation of the ADA. Because an ADA claim cannot be brought against Paul in her official or individual capacity as a matter of law, leave to amend should not be granted as to the ADA claim against Paul.

As discussed above, Hankins has not adequately defined the basis of her claims that Paul violated requirements of "equal opportunity" or "affirmative action." Therefore, to the extent that these are intended to be separate causes of action, the complaint fails to state a claim on which relief can be granted. If Hankins wishes to bring claims of violation of equal opportunity or affirmative action in an amended complaint against Paul, individually, she must specifically allege the source of those claims – whether federal or state statute, rule or regulation, or common law – and allege facts sufficient to state a plausible claim for relief.

## III. RECOMMENDATION.

For the reasons set forth above, I **respectfully recommend** that the Court **GRANT** Defendant, Della Paul, Dean of Communications, Valencia College's Motion to Dismiss Plaintiff's Complaint and to Quash Service of Process (Doc. No. 13) and Defendant, Valencia College's, Motion to Dismiss Plaintiff's Complaint and to Quash Service of Process (Doc. No.

14), **QUASH** service of process as to Della Paul and Valencia College, **DISMISS** the claim of violation of the Americans with Disabilities Act against Della Paul with prejudice, and **PERMIT** Hankins to file an amended complaint within a time established by the Court.  Upon filing of an amended complaint, I **further recommend** that the Court reconsider the ruling on the motion to proceed *in forma pauperis* to determine whether the amended complaint states a claim on which relief can be granted and, if it does, issue an order requiring Hankins to submit proper summons and USM-285 forms.  Finally, I **recommend** that the Court caution Hankins that failure to submit a proper amended complaint within the time established by the Court may result in dismissal of the case without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 21, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy