# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARILYN K. HANKINS,

        **Plaintiff,**

-vs-                                        **Case No.  6:12-cv-997-Orl-28KRS**

VALENCIA COLLEGE BOARD OF
TRUSTEES,

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, VALENCIA COLLEGE BOARD OF TRUSTEES' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. No. 44)** |
| **FILED:** | **September 12, 2013** |

## I.    PROCEDURAL HISTORY.

Plaintiff Marilyn Hankins, appearing *pro se*, filed a second amended complaint against Defendant Valencia College Board of Trustees ("Board").  In the Order dismissing her amended complaint with leave to file a second amended complaint, the Court required Hankins to comply with the rulings set forth in the Report and Recommendation adopted by the Court.  Doc. No. 40 at 2.[1]  The

---

[1]  Hankins's original complaint against Della Paul, Comms Dean (Valencia College) was dismissed and service of process as to Della Paul and Valencia College was quashed.  Doc. No. 27.

Court also required that the second amended complaint contain all of the allegations regarding Hankins's claims, not just material that supplemented a prior filing.  *Id.*

The Board filed the above-referenced motion to dismiss the case with prejudice because Hankins has not complied with the Court's orders and because the second amended complaint fails to state any claim on which relief can be granted.  Doc. No. 44.  Hankins filed a response to the motion.  Doc. No. 47.  The motion has been referred to me for issuance of a Report and Recommendation.

## II.   STANDARD OF REVIEW.

> To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain sufficient factual allegations to suggest the required elements of a cause of action. "[A] formulaic recitation of the elements of a cause of action will not do." Nor will mere labels and legal conclusions withstand a [Rule] 12(b)(6) motion to dismiss. Under the standard articulated by the Supreme Court in *Twombly*, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."

*Jones v. STOA Int'l/Fla, Inc.*, 422 F. App'x 851, 852 (11th Cir. 2011)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations omitted) (unpublished opinion cited as persuasive authority).

## III.   ANALYSIS.

The second amended complaint does not contain clearly delineated causes of action with reference to statutes, constitutional provisions or other legal authority for the claims.  Because the Court required the second amended complaint to state all of Hankins's claims and supporting factual allegations, I will not consider other filings by Hankins to supplement the allegations in the second amended complaint.

A.    *Failure of Federal Affirmative Action (Promotion of Qualified Applicants From Within).*

In part 1) of the second amended complaint, Hankins alleges that, in 1998, she was promised that she would have an "inside track" for a permanent position.  When she applied for a permanent position in April 2000, the Dean of Communications did not verify that Hankins was an incumbent to the search committee seeking to fill a full-time position. An external applicant was hired with credentials equal to Hankins. Hankins submits that this action violated "Federal Affirmative Action (Promotion of Qualified Applicants from Within)."  Doc. No. 42 at 1.  In her response to the motion to dismiss, Hankins states that this allegation is not based on race discrimination.  Doc. No. 47 at 1.

Hankins has not identified any statute or other legal authority providing a cause of action for failure to give preferential treatment to a current employee when making a hiring decision, and I am not aware of any such cause of action.  Accordingly, I recommend that the Court dismiss the purported claim for Failure of Federal Affirmative Action (Promotion of Qualified Applicants From Within) as failing to state a claim on which relief can be granted.

B.    *Violation of Federal Fair Wage and Labor Act.*

In part 2) of the second amended complaint, Hankins alleges that, in May 2000, the Dean of Communications offered her a full time instructor position for $10,870 then switched the offer to a part-time contract for $5,435.  Doc. No. 42 at 1, 4, 5.  The full-time position was a temporary four-month position (5/2/00 - 8/5/00) and the part-time position was a temporary two-month position (5/2/00 - 6/19/00).  *Id.* at 4-5.  Hankins alleges that this action violated the "Federal Fair Wage & Labor Act."  *Id.* at 1.

Hankins does not cite the law to which she refers, and I am not aware of a Federal Fair Wage & Labor Act.  To the extent that Hankins intends to cite to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, her claim is barred by the statute of limitations.  29 U.S.C. § 255.  Furthermore, the Board is immune from suits under the FLSA.  *See Keller v. Fla. Dep't of Health*, 682 F. Supp. 2d 1302, 1305 (M.D. Fla. 2010) (citations omitted); *Thornquest v. King*, 626 F. Supp. 486, 488-93 (M.D. Fla. 1985) (citations omitted).  Therefore, I recommend that the Court dismiss the purported claim for Violation of Federal Fair Wage and Labor Act as failing to state a claim on which relief can be granted.

C.      *Failure to Respond to a Whistleblower Complaint.*

In part 3) of the second amended complaint, Hankins asserts that she filed a written whistlebower complaint against the Dean of Communications with the East Campus Provost, Stanley Stone, after her employment at Valencia College ended due to non-renewal of her contract in June 2000.  She alleges that Stone did not provide an oral or written response to her complaint.

Once again, Hankins does not cite a statute or other legal authority on which she bases this claim.  As previously noted by the Court, Hankins may not file a claim for violation of Florida's Whistleblower's Act because she has not alleged that she exhausted her administrative remedies.  *See* Doc. No. 38 at 19. Indeed, Hankins admits that she never even filed an administrative charge alleging a violation of Florida's Whistleblower's Act.  Doc. No. 42 at 3.  Therefore, I recommend that the Court dismiss the purported claim in part 3) of the second amended complaint as failing to state a claim on which relief can be granted.

*D.      ERISA Violation.*

In part 4) of the second amended complaint, Hankins alleges that but for the failure to renew her contract in June 2000, she would not have been denied long-term disability benefits by State Farm.  She contends that the HR Benefits Manager of the Board refused to negotiate the claim denial and refused to document the claim denial in Hankins's personnel file.  She contends that this action violated ERISA.

The Court has previously explained the allegations necessary to support a claim under ERISA. *See* Doc. No. 38 at 12-13.  Hankins has not alleged any facts showing that she was covered by an ERISA plan or establishing that the Board was the plan administrator, fiduciary or otherwise liable. *Id.* at 13.  Therefore, I recommend that the Court dismiss the claim of violation of ERISA in part 4) of the second amended complaint as failing to state a claim on which relief can be granted.

*E.  Disability Discrimination and Retaliation.*

In parts 5) through 10) of the second amended complaint, Hankins appears to allege that the Board discriminated against her in hiring due to a disability and retaliated against her for complaining about the discrimination.  Specifically, she alleges that she applied for Social Security Disability benefits and was found to be disabled in April 2002 based on spinal scoliosis and degeneration.  A hiring agent for the Board was aware of Hankins's "Spinal Disability" as of August 2003.  Thereafter, Hankins was hired by the Humanities Dean to teach courses part-time through 2010. When that contract ended, Hankins applied for another position. In June and July 2010, the Dean of Communications denied Hankins a teaching position without conducting a disability assessment. After the denial, Hankins filed two written whistleblower complaints with the East Campus Provost

and the Vice-President of HR.  Thereafter, the Official Liaison for the Board refused to mediate the dispute.

　　　　1.　　Disability Discrimination.

　　　　The ADA and the Florida Civil Rights Act ("FCRA") prohibit discrimination against disabled individuals in employment. The same standards govern discrimination claims under both statutes. *Sicilia v. United Parcel Serv., Inc.*, 279 F. App'x 936, 938 (11th Cir. 2008) (citation omitted) (unpublished opinion cited as persuasive authority).[2]

　　　　To prevail on a claim for ADA discrimination, a plaintiff must show that: (1) she has a disability; (2) she is a qualified individual as defined by the ADA; and (3) the defendant discriminated against her because of her disability. *Wells v. West Ga. Technical Coll.*, No. 1:11- cv-3422-JEC, 2012 WL 3150819, at *3 (N.D. Ga. Aug. 2, 2012) (citing *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1215 (11th Cir. 2004)).

　　　　Hankins alleges that she suffers from spinal scoliosis and degeneration to such a degree that she was entitled to Social Security Disability benefits.  This is sufficient for purposes of a motion to dismiss to allege that Hankins is a person with a disability.  *See Sumner v. Michelin N. Am., Inc.*, 966 F. Supp. 1567, 1574 (M.D. Ala. 1997).  Hankins further alleges that after she was found to be entitled to Social Security Disability benefits, she worked part-time as a teacher at Valencia College.  This is sufficient for purposes of a motion to dismiss to allege that Hankins is a qualified person with a disability.  *Id.*

---

[2]  Hankins did not cite the Rehabilitation Act and she did not allege that the Board was a recipient of federal funds.  *See* Doc. No. 38 at 13-14.  Therefore, I construe her claims of disability discrimination and retaliation to arise only under the ADA and FCRA.

With respect to the third factor, Hankins alleges that she was discriminated against due to her disability because the Dean of Communications failed to perform a disability assessment to determine whether Hankins could perform the job for which she applied in June 2010.  She does not cite to any statute, regulation or other provision requiring that a disability assessment be conducted.  She alleges no other facts sufficient to state a plausible claim that the Board discriminated against her in hiring because of her disability.  Therefore, I recommend that the Court dismiss the claim of disability discrimination alleged in parts 5) through 10) of the second amended complaint as failing to state a claim on which relief can be granted.

2.    <u>Disability Retaliation</u>.

To state a claim for retaliation in violation of the ADA and FCRA,  Hankins must allege the following: (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and, (3) a causal link between the protected activity and the adverse action.  *Sicilia*, 279 F. App'x at 939 & n. 6 (citations omitted); *Burgos v. Chertoff*, 274 F. App'x 839, 842-43 (11th Cir. 2008) (citation omitted) (unpublished opinion cited as persuasive authority).

Hankins alleges that she engaged in statutorily protected activity in 2000 when she submitted two whistleblower complaints, one alleging salary fraud and the other alleging a blocked interview and wrongful termination.[3]  She alleges that she suffered an adverse employment action in 2010 when she was not hired for a position she applied for and for which she was qualified. As the Court has previously observed, the ten-year delay between allegedly protected activity and an adverse employment action is insufficient to establish a plausible causal connection in the absence of any

---

[3]  There are no allegations that the whistleblower complaints in 2000 were based on alleged disability discrimination.

other evidence of causation.  Doc. No. 38 at 15-16.  In the second amended complaint, Hankins has

not alleged other facts to support her claim that the Dean of Communications retaliated against her

in 2010 for complaints Hankins made in 2000.

In the second amended complaint, Hankins also alleges that she engaged in statutorily

protected activity in 2010 by making two whistleblower complaints to the East Campus Provost and

the Vice-President of HR about the failure to hire her.  She does not allege any adverse employment

action that was taken after she made these complaints.

Hankins has not alleged sufficient facts to make her claim of disability retaliation plausible.

Therefore, I recommend that the Court dismiss the claim of disability retaliation for failure to state

a claim on which relief can be granted.

## IV.    RECOMMENDATION.

For the reasons set forth above, I respectfully recommend that the Court **GRANT** Defendant,

Valencia College Board of Trustees' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc.

No. 44).  When, as here, a *pro se* plaintiff has been given leave to file two amended complaints,

neither of which stated claims on which relief can be granted, the Court does not abuse its discretion

by declining to give the plaintiff an opportunity to file a third amended complaint.  *See, e.g., Hill v.

Bank of Am., Inc.*, 512 F. App'x 905, 907 (11th Cir. 2013) (citations omitted) (unpublished opinion

cited as persuasive authority).  Hankins has been given ample opportunities to file complaints that

state a plausible claim for relief but has failed to do so.  Therefore, I recommend that the Court **DISMISS** Hankins's second amended complaint with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 31, 2013.

*Karla R. Spaulding*
_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy